ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/22

UNITED STATES DISTRICT COURT 1:22-cv-1467
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
    TARA O'CONNOR-ROCHE EXECUTOR
    of ESTATE of PAUL ROCHE III, and
    INDIVUDALLY,

                Plaintiff,            22 Civ. 1467 (LLS)

      - against -                    ORDER

    RBC CAPITAL MARKETS, LLC, ET AL.,

               Defendants.
- - - - - - - - - - - - - - - - - -X

    The parties seek leave to file under seal portions of documents submitted in support of Plaintiff's petition to vacate an arbitration award, which was filed in the Supreme Court of the State of New York and removed to this federal jurisdiction. The requested redactions relate to financial information pertaining to the value of assets under the management of certain financial advisors, the revenue generated by those assets, and employee compensation.

    "The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). To be considered a judicial document entitled to public access, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id. The documents at issue here—contracts, email correspondence, pleadings, and the arbitration hearing transcript—are plainly judicial


documents as their review is necessary for the Court's evaluation of the arbitration award.

Nonetheless, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 120 (quoting In re New York Times Co., 828 F.3d 110, 116 (2d Cir. 1987)). The Court thus balances the weight of the presumption of access against "'competing considerations against'" public access, including "'the privacy interests of those resisting disclosure.'" Id. at 120 (citations omitted).

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. at 119 (citation omitted). Accordingly, the presumption in favor of public access is low when, like here, the "testimony or documents play only a negligible role in the performance of Article III duties." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). Here, the specific financial information has no bearing on the Court's assessment of whether the arbitrator manifestly disregarded the law or was influenced by fraud or misconduct. See Graczyk v. Verizon Commc'ns, Inc., No. 18 CIV. 6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (finding a

low presumption of public access to financial information in contracts when the Court was reviewing a motion for class certification and for transfer).

Further, the parties have demonstrated that disclosure of the information would threaten commercial harm, create a competitive disadvantage, or reveal sensitive personal information, like individual compensation. See, e.g., Graczyk, 2020 WL 1435031, at *9 (permitting redaction of "sensitive financial information" that "might harm [the movant's] competitive standing" if revealed); Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information" of parties and third parties, including information about compensation). Balancing these factors against the low presumption of public access, the parties' privacy interests outweigh the public's interest in the redacted materials.

Upon my review, the requested redactions are very few, and each is reasonably tailored to protect sensitive financial information. The parties may file redacted versions of the documents to the extent that the redactions are limited to those proposed in this motion.

As to the parties' request for leave to seek parallel relief in state court, their activities in this respect in the

Supreme Court of the State of New York are of no concern to this Court.

So Ordered.

Dated:   New York, New York
         March 14, 2022

                                      *Louis L. Stanton*
                                      LOUIS L. STANTON
                                          U.S.D.J.